IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| THE LAW OFFICES OF JONATHAN S. RESNICK, LLC, | * * | Case No. 20-12822-NVA (Chapter 11) |
| THE LAW OFFICES OF PERRY A. RESNICK, LLC, | * * | Case No. 20-12820-NVA (Chapter 11) |
| THE LAW OFFICES OF JONATHAN S. RESNICK, PLLC, | * * | Case No. 20-14188-NVA (Chapter 11) |
| DEBTORS. | * | (Jointly Administered under Case No. 20-12822-NVA) |

* * * * * * * * * * * * *

| | | |
|---|---|---|
| ZVI GUTTMAN, Chapter 11 Trustee, | * | |
| Plaintiff, | * | |
| v. | * | Adv. Proc. No.: 20-00327-NVA |
| PAUL GOLDSCHLAG 370 NE 69th Circle Boca Raton FL 33487, | * * | |
| Defendant. | * | |

* * * * * * * * * * * * *

**AMENDED COMPLAINT FOR RECOVERY OF FRAUDULENT TRANSFERS**

Zvi Guttman, the Chapter 11 Trustee of the bankruptcy estates of The Law Offices of Jonathan S. Resnick, LLC ("JSR"), The Law Offices of Perry A. Resnick, LLC ("PAR") and the Law Offices of Jonathan S. Resnick, PLLC ("PLLC" and together with JSR and PAR, the "Debtors"), sues Paul Goldschlag to avoid and recover fraudulent transfers and, in support hereof, states as follows:

## JURISDICTION

1. This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334, 11 U.S.C. §§ 544, 548 and 105 and Bankruptcy Rule 7001. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H), (E) and (O).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 & 1409.

## PARTIES AND PERSONS

3. Plaintiff, Zvi Guttman (the "Trustee") is the Chapter 11 trustee in the above-captioned bankruptcy cases.

4. Debtor, The Law Offices of Jonathan S. Resnick, LLC, is a Maryland limited liability company solely owned by Jonathan S. Resnick.

5. Debtor, The Law Offices of Jonathan S. Resnick, PLLC, is a District of Columbia professional limited liability company solely owned by Jonathan S. Resnick.

6. Debtor, The Law Offices of Perry A. Resnick, LLC, is a Maryland limited liability company owned solely by Perry Resnick.

7. Defendant Paul Goldshlag is a resident of the state of Florida.

## FACTS COMMON TO ALL COUNTS

8. JSR and PAR filed voluntary petitions for bankruptcy protection under Chapter 11 of the Bankruptcy Code on March 4, 2020 (the "Petition Date").

9. PLLC filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code on April 6, 2020 (the "PLLC Petition Date").

10. Each of the Debtors is a law practice primarily handling personal injury cases. All the Debtors were managed and operated by Jonathan S. Resnick immediately prior to their bankruptcy filings.

11. From September 12, 2018 through March 20, 2019, Paul Goldschlag received transfers (the "Transfers") in the total amount of $94,066.66 from the Debtors. A full list of the Transfers is set forth in **Exhibit A** to the Complaint.

12. Upon information and belief, prior to November 19, 2019, Paul Goldschlag was an employee of KrunchCash, LLC ("KrunchCash"), a secured creditor of the Debtors.

13. Upon information and belief, during the period from May 18, 2018 through June 20, 2019, Paul Goldschlag worked in the Debtors' offices, for and at the direction of KrunchCash, overseeing the Debtors' day-to-day administration of claimant cases, advanced by KrunchCash.

14. Upon information and belief, at no relevant time was Paul Goldschlag an employee of the Debtors.

15. Upon information and belief, Paul Goldschlag was paid directly by KrunchCash for work he performed while in the Debtors' offices, and KrunchCash paid for all roundtrip airplane fares from Ft. Lauderdale, FL to Baltimore, MD returning to Ft. Lauderdale, FL weekly.

16. Upon information and belief, Paul Goldschlag did not provide the Debtors with services, product or other value in exchange for the Transfers.

## COUNT I
### (Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 544 and 550 & Md. Code Ann., Comm. Law, § 15-201 et seq.)

17. The Trustee respectfully incorporates the allegations contained in paragraphs 1 through 16 above, as if fully set forth herein.

18. Section 544 of the Bankruptcy Code provides in pertinent part as follows:

> (b)(1) Except as provided in paragraph (2), the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an

3

>unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544.

19. A creditor exists that could avoid the Transfers under applicable non-bankruptcy law.

20. The Debtors made the Transfers, which transfers are avoidable under applicable non-bankruptcy law, including but not limited to Md. Code Ann., Comm. Law, § 15-203.

21. The Transfers constitute transfers of an interest in property of the Debtors.

22. The Debtors did not receive fair consideration in exchange for the Transfers.

23. At the time of each of the Transfers, the Debtors were insolvent, believed that they would incur debts beyond their ability to pay as they matured or, alternatively, were rendered insolvent by the Transfers.

24. At the time of each of the Transfers, the Debtors were engaged in or about to engage in a business transaction for which the property remaining in their hands after each of the Transfers was an unreasonably small capital.

25. Paul Goldschlag was the initial transferee of each of the Transfers.

26. The Transfers were made for the benefit of Paul Goldschlag.

27. The Transfers were made by the Debtors, through its agent, Jonathan Resnick, with the actual intent of hindering, delaying and/or defrauding creditors of the Debtors.

28. Pursuant to Section 550 of the Bankruptcy Code, "to the extent that a transfer is avoided under Section 544… the Trustee may recover, for the benefit of the estate, the property transferred, or…the value of such property… ."

29. Each of the Transfers is avoidable and recoverable pursuant to Md. Code Ann., Comm. Law, § 15-201 et seq. and 11 U.S.C. §§ 544 and 550.

115016\000001\4826-8572-5647.v2

30. The Trustee is entitled to recover the Transfers from Paul Goldschlag.

WHEREFORE, Zvi Guttman, Chapter 11 Trustee, respectfully requests the following relief:

A. That the Transfers be avoided;

B. That judgment be entered in favor of the Plaintiff and against Paul Goldschlag in an amount not less than $94,066.66 plus interest at the legal rate, together with any costs of this action;

C. That Paul Goldschlag be directed to pay to the Plaintiff an amount not less than $94,066.66 plus interest at the legal rate, together with any costs of this action; and

D. That the Plaintiff be granted such other and further relief as is just and equitable.

## COUNT II
**(Avoidance and Recovery of Fraudulent Transfer Pursuant to 11 U.S.C. §§ 548 and 550)**

31. The Trustee incorporates the allegations contained in paragraphs 1 through 30 above, as if fully set forth herein.

32. Transfers in the total amount of $94,066.66 (the "548 Transfers") occurred less than two years prior to the Petition Date.

33. The 548 Transfers were made by the Debtors, through their agent Jonathan Resnick, with the actual intent to hinder, delay and/or defraud creditors.

34. Debtors received less than reasonably equivalent value in exchange for the 548 Transfers.

35. Debtors were insolvent on the date of the 548 Transfers, became insolvent as a result of the 548 Transfers or, alternatively, intended to incur, or believed that Debtors would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

5

36. Paul Goldschlag was the initial transferee of the 548 Transfers.

37. The 548 Transfers were made for the benefit of Paul Goldschlag.

WHEREFORE, Zvi Guttman, Chapter 11 Trustee, respectfully requests the following relief:

A. That the 548 Transfers be avoided;

B. That judgment be entered in favor of the Plaintiff and against Paul Goldschlag in an amount not less than $94,066.66 plus interest at the legal rate, together with any costs of this action;

C. That Paul Goldschlag be directed to pay to the Plaintiff an amount not less than $94,066.66 plus interest at the legal rate, together with any costs of this action; and

D. That the Plaintiff be granted such other and further relief as is just and equitable.

DATED this 22nd day of October, 2020.

Respectfully Submitted,

/s/ Emily K. Devan
Patricia B. Jefferson
  Fed Bar No.: 27668
Emily K. Devan
   Fed. Bar No.: 18595
MILES & STOCKBRIDGE P.C.
100 Light Street, 10th Floor
Baltimore, Maryland 21202
Phone: (410) 385-3413
Fax: (410) 385-3413
edevan@MilesStockbridge.com

*Attorneys to the Chapter 11 Trustee*

115016\000001\4826-8572-5647.v2